UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 7161

KELLY SCHOMBURG,

           Plaintiff,

-against-

New York City Police Department DEPUTY INSPECTOR ANTHONY BOLOGNA, OFFICER ARETHA BLISSETT-SMITH, and OFFICER JOHN DOE 1 through OFFICER JOHN DOE 10,

           Defendants.

12 Civ. _____

ECF Case

COMPLAINT

JURY DEMAND



RECEIVED SEP 24 2012 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Kelly Schomburg, by and through her attorneys, Emery Celli Brinckerhoff & Abady LLP, for her Complaint alleges as follows:

## INTRODUCTION

1.    This case is about the wholly excessive use of force by Deputy Inspector Anthony Bologna, a high-ranking officer in the New York City Police Department ("NYPD"), against Plaintiff, Kelly Schomburg, a student who was peacefully exercising her First Amendment rights. NYPD officers then falsely arrested and wrongfully prosecuted Ms. Schomburg.

2.    Ms. Schomburg and other young women who were part of the Occupy Wall Street protest were standing calmly behind orange mesh netting on September 24, 2011, posing no threat whatsoever, when Deputy Inspector Bologna attacked them with pepper spray. A bystander videotaped the incident and that video went "viral," prompting widespread castigation of the NYPD's use of excessive force.

3.    As the video of the incident demonstrates, Ms. Schomburg posed absolutely no threat to the officer who mercilessly doused her and a group of Occupy Wall Street demonstrators with pepper spray on September 24, 2011.

4.     This is a civil rights action seeking damages for Defendants' violations of Plaintiff's rights, privileges and immunities under the United States Constitution, 42 U.S.C. § 1983, and New York State common law.

## PARTIES

5.     Plaintiff Kelly Schomburg is a 19-year-old student. She is a resident of Boston, Massachusetts.

6.     Defendant Inspector Anthony Bologna was, at all times relevant hereto, a police officer of the NYPD, acting in the capacity of agent, servant, and employee of the City of New York and within the scope of his employment as such.

7.     Defendant Aretha Blissett-Smith was, at all times relevant hereto, a police officer of the NYPD, acting in the capacity of agent, servant, and employee of the City and within the scope of her employment as such.

8.     Defendants John Doe 1 through John Doe 10 whose actual names and shield numbers Plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designation "John Doe," were police officers of the NYPD, acting in the capacity of agent, servant, and employee of the City, and within the scope of their employment as such.

9.     Inspector Anthony Bologna, Aretha Blissett-Smith, and John Does 1-10 are referred to herein as the "Police Officer Defendants." The Police Officer Defendants were acting under the color of state law at all times relevant hereto.

## JURISDICTION AND VENUE

10.     This action arises under the First, Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New York State common law.

11. The jurisdiction of this Court is predicated upon 28 U.S.C. § 1331, 1343(a) (3) and (4), 1367 (a), and the doctrine of supplemental jurisdiction.

12. The acts complained of occurred in the Southern District of New York, and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

13. On December 22, 2011, and within ninety days after the claims alleged in this Complaint arose, Defendants were served with a written notice of claim, in duplicate, to the Comptroller's office at 1 Centre Street, New York, New York.

14. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

15. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claim is based.

## JURY DEMAND

16. Plaintiff demands trial by jury in this action.

## FACTUAL ALLEGATIONS

17. In September 2011 Ms. Schomburg was a student at Parsons The New School for Design, majoring in Photography.

18. On Saturday September 24, 2011, Ms. Schomburg participated in an Occupy Wall Street march and protest. Occupy Wall Street ("OWS") is a global protest movement that aims to raise awareness of, and spur action to rectify, growing economic and social inequality, as well as what the movement considers to be the corrupt influence of corporations in the democratic process.

19. The September 24th march began at Liberty Plaza near Wall Street and continued to Union Square. Over the course of the peaceful protest, Ms. Schomburg and the other OWS protestors marched down designated City streets and sidewalks.

20. After marching approximately two and one-half miles, Ms. Schomburg, along with the other OWS protestors, stopped in or around Union Square.

21. While at Union Square, the police presence surged as NYPD police officers began to surround the area, blocking off streets, and erecting nets to contain the protestors in designated areas.

22. Ms. Schomburg and the other OWS demonstrators then turned onto East 12th Street between Broadway and Fifth Avenue.

23. NYPD police officers moved onto the sidewalk and blocked Ms. Schomburg's path down the sidewalk.

24. Ms. Schomburg asked the NYPD police officers to explain why she could not walk down the sidewalk. Neither of the two NYPD police officers responded to her request for more information.

25. Instead, one of the NYPD police officers said to Schomburg and the other OWS demonstrators, "Do not get in my face. Get out of my face!"

26. Ms. Schomburg then began filming other protesters and the officers with her digital camera.

27. The NYPD officers corralled Ms. Schomburg and the other protesters with orange mesh netting, containing their movement.

28. While they were contained, Deputy Inspector Anthony Bologna, unlawfully and without provocation, sprayed a chemical agent—later identified as pepper spray—at her and the other woman who were near her.

29. Pepper spray is also known as oleoresin capsicum, or O.C. spray. It contains an inflammatory agent that occurs naturally in cayenne and other peppers. When sprayed in

someone's face, it causes an intense burning sensation of the eyes, resulting in temporary blindness, and restricts breathing, induces coughing and leaves the person at least temporarily incapacitated.

30. Bologna's actions were without provocation. Ms. Schomburg posed no threat whatsoever. She was peacefully protesting and was contained behind police netting on the sidewalk.

31. After spraying Ms. Schomburg and the other women, Bologna simply turned and walked away, leaving the women screaming in pain from the effects of the pepper spray.

32. Within seconds, Ms. Schomburg experienced a strong burning sensation in her eyes and facial area; she began crying.

33. She then frantically attempted to stop the painful burning sensation. To aid the burning and irritation that consumed their eyes and face, Ms. Schomburg and the other OWS protestors scrambled to locate water, milk or vinegar to ease the burning sensation.

34. Instead of providing medical care, the Police Officer Defendants then proceeded to arrest Ms. Schomburg, caging her into an area on the sidewalk designated for arrestees.

35. Other Police Officer Defendants witnessed Defendant Inspector Bologna's deployment of the chemical agent, but failed to intervene, though, upon information and belief, they had an opportunity to do so.

36. The Police Officer Defendants then instructed Ms. Schomburg to walk down the street. She complied. The Police Officer Defendants then placed her in handcuffs.

37. The Police Officer Defendants provided no explanation for Ms. Schomburg's arrest.

38. Other Police Officer Defendants witnessed the false arrest and imprisonment, but failed to intervene though they had an opportunity to do so.

39. Ms. Schomburg was transported to the police station and was not released until the middle of the night.

40. Ms. Schomburg was charged with two counts of Disorderly Conduct. Specifically, Defendant Blissett-Smith swore a Complaint against Ms. Schomburg on or about October 4, 2011 alleging that Ms. Schomburg blocked vehicular traffic and ignored an order to return to the sidewalk. These allegations were false: Ms. Schomburg never blocked vehicular traffic and never received any such instruction from the police.

41. As a result of these baseless charges, Ms. Schomburg was forced to appear in Court for an arraignment on November 3, 2011 and subsequently on a second occasion in January 2012 when the charges were dismissed.

42. Defendant Inspector Anthony Bologna's and his fellow officers' actions were captured on video. That video is available on *The New York Times'* website at http://cityroom.blogs.nytimes.com/2011/09/25/video-appears-to-show-protesters-being-pepper-sprayed/?ref=nyregion.

43. In the video Ms. Schomburg is the red-headed woman with a white-polka-dotted headband who is raising her camera. The video demonstrates that Ms. Schomburg was doing nothing wrong when she was attacked by pepper spray by an officer with a white shirt (indicating a rank of Captain or higher); it also shows the women screaming in pain after being spray.

44. The dissemination of the video prompted a public outcry. The NYPD's excessive use of force against innocent young women who posed no threat to anyone was widely condemned.

45. The NYPD initially responded by hunkering down: It claimed that the use of pepper spray was "appropriate" and refused to identify the officer who deployed the pepper spray.

46. Ultimately, members of the public identified Ms. Schomburg's assailant as Deputy Inspector Bologna using the available photographic evidence.

47. The NYPD ultimately conducted an internal investigation of Deputy Inspector Bologna's action. It found that Deputy Inspector Bologna violated NYPD guidelines concerning the appropriate use of force. Deputy Inspector Bologna received a command discipline and lost 10 vacation days. Deputy Inspector Bologna did not seek a trial to dispute the charges.

48. As a direct and proximate cause of the use of excessive and unlawful force, denial of medical care, false arrest, and false imprisonment, Ms. Schomburg has suffered and/or continues to suffer pain and suffering, mental anguish, reputational injury, and other losses.

### FIRST CAUSE OF ACTION
42 U.S.C. § 1983 – Excessive Force, False Arrest, False Imprisonment, and Malicious Prosecution
(Against Police Officer Defendants)

49. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

50. By the above, by using excessive and unnecessary force against Ms. Schomburg, by arresting, detaining and imprisoning her without probable cause, and by failing to take appropriate measures to intercede and protect her from the above, the Police Officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

51. Additionally, the Police Officer Defendants, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument and otherwise brought criminal charges against Plaintiff, who was criminally prosecuted until such charges were dismissed and resolved in her favor.

52.  The wrongful, unjustifiable, and unlawful use of excessive force, apprehension, arrest, detention, imprisonment and malicious prosecution of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, without basis and without probable cause or reasonable suspicion, and in retaliation for Plaintiff's exercise of her freedom of speech.

53.  All this occurred without any fault or provocation on the part of Plaintiff.

54.  The Police Officer Defendants acted under pretense and color of state law and within the scope of their respective employments as NYPD officers. Said acts by the Police Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

55.  The Police Officer Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct towards Plaintiff.

56.  As a result of the foregoing, Defendants, acting under color of state law, violated 42 U.S.C. § 1983 and deprived Plaintiff of rights secured by the Constitution and laws of the United States including those rights protected by the First, Fourth, and Fourteenth Amendments, her right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges, and immunities guaranteed by the laws and Constitution of the United States.

57.  As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
False Arrest and Imprisonment
(Against Police Officer Defendants)

58. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

59. Police Officer Defendants, acting intentionally, unlawfully, and unjustifiably apprehended, arrested, detained, and imprisoned the Plaintiff without a valid warrant, without the Plaintiff's consent, without basis and without probable cause or reasonable suspicion, and in retaliation for Plaintiff's exercise of her freedom of speech.

60. At all relevant times, the Police Officer Defendants acted forcibly in apprehending and arresting Plaintiff.

61. During this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, and deprived of her liberty.

62. The unlawful, wrongful and false arrest of Plaintiff was, at all times, without basis and without probable or reasonable cause.

63. These actions by the Police Officer Defendants occurred without any fault or provocation on the part of the Plaintiff.

64. The Police Officer Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct towards Plaintiff.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Assault
(Against Police Officer Defendants)

66. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

67. The Police Officer Defendants, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff and/or failed to intercede in such an assault, and that such acts caused apprehension of such contact in the plaintiff.

68. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Battery
(Against Police Officer Defendants)

69. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

70. The Police Officer Defendants, acting within the scope of their employment, intentionally, willfully and maliciously battered plaintiff by deploying a chemical agent into her face in a hostile and offensive manner, and seizing Plaintiff without her consent and with the intention of causing harmful and/or offensive bodily contact to her and/or in failing to intercede in the same, and caused such battery.

71. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Negligent Denial of Medical Care
(Against Police Officer Defendants)

72. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

73. Police Officer Defendants owed Plaintiff a duty of care.

74. The Police Officer Defendants breached that duty of care by unreasonably denying Plaintiff the required medical care for her eye irritation and facial burns.

75. These actions by the Police Officer Defendants occurred without any fault or provocation on the part of the Plaintiff.

76. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged herein.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(A)   Compensatory damages in an amount to be determined at trial;

(B)   Punitive damages against the Police Officer Defendants in an amount to be determined at trial;

(C)   Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

(D)   Such other and further relief as this Court may deem just and proper.

Dated: September 21, 2012
       New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP

By: /s/ Earl S. Ward

Earl S. Ward
Debra L. Greenberger

75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 763-5000

*Attorneys for Plaintiff Kelly Schomburg*