UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY SCHOMBURG,

                         Plaintiff,

-against-

New York City Police Department DEPUTY INSPECTOR ANTHONY BOLOGNA, OFFICER ARETHA BLISSETT-SMITH, CITY OF NEW YORK, and OFFICER JOHN DOE 1 through OFFICER JOHN DOE 10,

                         Defendants.

12 Civ. 7161(RWS)(DCF)

ECF Case

**DECLARATION OF DEBRA L. GREENBERGER**

DEBRA L. GREENBERGER, an attorney duly admitted to practice in the Southern District of New York, declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an associate at the law firm of Emery Celli Brinckerhoff & Abady LLP, attorneys for Plaintiff Kelly Schomburg in the above-captioned matter. I submit this reply declaration in further support of Plaintiff's motion to compel the New York County District Attorney's Office ("DANY") to produce the closed investigation file concerning Defendant Bologna's conduct on September 24, 2011, and for such other relief as the Court deems appropriate and just.

2. Exhibits A through C are appended to my declaration of November 19, 2013.

3. Appended as exhibits hereto are true and correct copies of the following documents:

Plaintiff's subpoena in *Lyles v. City of New* York, 09-cv-895(RWS) ................................ D

1

Plaintiff's reply affidavit in support of motion to compel in *Lyles v. City of New York*, 09-cv-895(RWS) ........................................................................................ E

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 6, 2013
New York, New York

                                                                    /s/
                                                   DEBRA L. GREENBERGER

# Exhibit D

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| TERRY LYLES | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 09 cv 895 (RWS) |
| CITY OF NEW YORK et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To: Robert Morganthau D.A., c/o N.Y. County District Attorney's Office, One Hogan Place, New York, NY 10013

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: All materials possessed by the City of New York, including the New York City Police Department and the New York County District Attorney's Office relating to the arrest (arrest # M08619029) and subsequent prosecution of Rigina Gaines (Docket # 2008NY016552) on and after March 1, 2008.

| Place: SIEGLE & SIMS L.L.P., 217 Broadway - Suite 611, New York, New York 10007 | Date and Time: 06/30/2009 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

So ordered
[signature]
USDJ
6-19-09

Date: 06/16/2009

CLERK OF COURT                 OR

Signature of Clerk or Deputy Clerk          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

NEW YORK COUNTY
DISTRICT ATTORNEY
2009 JUN 23 P 12:14
RECEIVED
MOTIONS UNIT

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 09 cv 895 (RWS)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the subpoena on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TERRY LYLES,

                          Plaintiff

    -against-

CITY OF NEW YORK, POLICE OFFICER
ANGEL BURGOS, JOHN DOE #1,
JOHN DOE #2, JOHN DOE #3, and JOHN
DOE #4,
                          Defendants.

**REPLY AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL PURSUANT TO FRCP RULE 45(c)(2)(B)(I)**

Docket #: 09 CV 895 (RJS)

-------------------------------------------------------------X

STATE OF NEW YORK   )
                               ) ss.:
COUNTY OF NEW YORK )

       **ERIC W. SIEGLE, ESQ.**, hereby affirms the following under the penalties of perjury:

     1.    I am a member of the law firm of Siegle & Sims L.L.P., attorneys for plaintiff TERRY LYLES ("LYLES") and as such am fully familiar with the facts and circumstances herein. This reply affidavit is submitted in further support of LYLES' motion pursuant to FRCP Rule 45(c)(2)(B)(I) to compel disclosure of certain documents possessed by the District Attorney of New York County, ROBERT M. MORGENTHAU ("DANY"), pursuant to a so-ordered subpoena executed by this Court on June 19, 2009, relating to the arrest and prosecution of Rigina Gaines.

     2.    As anticipated by our moving papers, DANY continues to object to the production of the Rigina Gaines documents called for by the subpoena on four principal basis:

        (A)    the case file has been sealed pursuant to New York State Criminal Procedure Law §160.50;

        (B)    the subpoena is manifestly overbroad;

        (C)    the subpoena requests documents from another agency, the NYPD; and

        (D)    some of the documents are work-product.

     3.   First, DANY continues to ignore well-established case law in this district in that N.Y.S. Criminal Procedure Law §160.50, does not govern discovery in federal litigation involving federal question matters. *See Haus v. City of New York*, 2006 U.S. Dist. LEXIS 23006 (wherein this Court

found that " in a federal-question case, invocations of privilege or statutory bars on the production of information are governed by federal law, although the federal courts are required to take account of the policies embodied in state law that recognize privileges or other rules of confidentiality. Fed. R. Evid. 501 [*8]. *See, e.g., United States v. Goldberger & Dubin*, 935 F.2d 501, 505 (2d Cir. 1991); *Von Bulow v. Von Bulow*, 811 F.2d 136, 141-42 (2d Cir. 1987).)

4. As this Court stated in *Haus, supra.*, "the federal courts, when addressing demands for production of such arrest documents, have commonly rejected confidentiality arguments premised on section 160.50(1)(c) even without redaction of arrest documents. *See, e.g., Woodward v. City of New York*, 2000 WL 516890, *3-5 (S.D.N.Y. March 10, 2000) (noting that 'disclosure of the files at issue would not compromise the privacy interests' embodied in section 160.50, since plaintiff's fellow arrestees were not prosecuted and their identities are known to all parties and 'largely a matter of public record' because of prior civil litigation); *Cruz v. City of New York*, 1997 U.S. Dist. LEXIS 23012, 1997 WL 839483, *2 (S.D.N.Y. Dec. 19, 1997); *Kymissis v. Rozzi*, 1994 U.S. Dist. LEXIS 9814, 1994 WL 376048, *1-2 (S.D.N.Y. July 18, 1994). *See also Lehman v. Kornblau*, 206 F.R.D. 345, 348 (E.D.N.Y. 2001)."

5. In the case at bar, plaintiff and his attorneys are well aware of Rigina Gaines, as she was arrested with plaintiff that night. Therefore, the issue of her anonymity and/or privacy, concerns of N.Y.S. C.P.L. §160.50, due to the dismissal of her case, are not manifest herein. Rather, plaintiff and his attorneys have agreed that all such documents produced pursuant to said subpoena will be deemed attorney's eyes only and governed by the confidentiality stipulation already executed by all the parties to this litigation, thereby assuring that the documents themselves will not become matters of public record.

6. N.Y.S. C.P.L. §160.50 is not a bar to the discovery sought by plaintiff pursuant to the subpoena.

7. It is also well-settled that the attorney work-product claim is not a basis to withhold production of the subpoenaed documents. This issue too was addressed in the previously cited *Haus* matter, 2006 U.S. Dist. LEXIS 85225, wherein this Court found "[a]s for the DA's invocation of the

work-product rule, the first difficulty with it is that the protection of Rule 26(b)(3) does not extend to documents prepared by lawyers for a non-party, even if the documents were created in contemplation of the non-party's own anticipated litigation. *See, e.g., Ramsey v. NYP Holdings, Inc.*, 2002 U.S. Dist. LEXIS 11728, 2002 WL 1402055, at *6 (S.D.N.Y. June 27, 2002); *see also Ricoh Co. v. Aeroflex, Inc.*, 219 F.R.D. 66, 69-70 (S.D.N.Y. 2003). Indeed, this principle was recently applied in rejecting a prosecutor's work-product claim in connection with a plaintiff's demand for this very type of document. *See Abdell*, 2006 U.S. Dist. LEXIS 66114, 2006 WL 8664313, at *3 (citing cases). The *Abdell* court concluded that Rule 26(b)(3) protection did not extend to shield the work product of the non-party District Attorney's Office in a subsequent civil lawsuit, *id.*, and we concur in its reasoning, which is supported by ample and persuasive case precedent. *Accord, e.g., Ramsey*, 2002 U.S. Dist. LEXIS 11728, 2002 WL 1402055, at *6 (citing cases); *see generally FTC v. Grolier*, 462 U.S. 19, 25, 103 S. Ct. 2209, 76 L. Ed. 2d 387 (1983) (observing that "the literal language of the Rule protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation") (second emphasis added) . . . As articulated in *Abdell*, courts should immunize documents from discovery under the work-product doctrine if disclosure would (1) alter attorney behavior, (2) reward sloth, or (3) interfere with ongoing litigation. *Abdell*, 2006 U.S. Dist. LEXIS 66114, 2006 WL 8664313, at *4."

8. In this case, discovery of DANY's file involving the arrest and short-lived prosecution of Rigina Gaines would not lead to any of these results.

9. DANY further objects to the breadth of the subpoena because it seeks "all" documents related to the March 1, 2008 arrest and prosecution fo Rigina Gaines. As detailed in the instant motion, the Gaines prosecution was fleeting, the case having been dismissed approximately seven days after it was commenced. Accordingly, the documents in the file of DANY should be very limited as this felony gun arrest was not even presented to the Grand Jury, the initial post-arraignment step in the prosecution of a felony. The subpoena does not seek documents pertaining to all arrests and prosecutions from March 1, 2008, but rather the documents related to one arrest, a person who was arrested with and charged with the same exact crime as plaintiff by the arresting

officer. One of plaintiff's claims is for malicious prosecution. Plaintiff alleges that the arrest charges against plaintiff were "trumped up" in an effort to justify the beating the defendants inflicted upon plaintiff. Plaintiff's counsel believes that defendants intentionally omitted and withheld certain facts from DANY in order to attempt to get DANY to charge plaintiff with the more serious crime of criminal possession of a weapon as a felony and therefore, the documents in the Rigina Gaines file, namely those that detail the facts regarding her arrest, are very germane to plaintiff's claim for malicious prosecution and are discoverable. Accordingly, despite plaintiff's use of the word all or entire in the so-ordered subpoena of June 19, 2009, said subpoena is not overbroad and is simply and properly limited to the arrest and prosecution documents related to Rigina Gaines March 1, 2008 arrest and subsequent prosecution.

10. Finally, DANY's objection that many of the documents requested are those of another agency, specifically the NYPD, also is of little moment, where, as here, plaintiff is alleging malicious prosecution against the NYPD, vis-a-vis the City of New York, and its officers, based, in part, on the theory that defendants made up facts and charges against plaintiff in an effort to cover up/justify their abuse of him. Plaintiff believes that defendants either intentionally withheld some documents and information from DANY, with regard to Rigina Gaines and plaintiff's arrests, which production of its entire file would yield evidence of, or provided misleading documents related to those matters, both in an effort to get DANY to prosecute plaintiff for the serious felony crime of criminal possession of a weapon; the very crime for which Rigina Gaines was prosecuted. Accordingly, DANY's objection that this is simply a request of another agency's documents must also fail as it is extremely important to see what documents, if any, were provided by other agencies, specifically the NYPD, to DANY regarding the Gaines matter so they can be compared and contrasted with those related to plaintiff, as the withholding or misstatement of relevant evidence related to the prosecution of plaintiff by defendants from DANY is critical to plaintiff's malicious prosecution claim.

11. Accordingly, plaintiff LYLES respectfully requests that this Court order the District Attorney of New York County to comply with this Court's "so-ordered" subpoena dated June 19, 2009.

WHEREFORE, plaintiff TERRY LYLES, respectfully requests that this Court, pursuant to Rule 45(c)(2)(B)(I) of the Federal Rules of Civil Procedure, compel the District Attorney of New York County, ROBERT M. MORGANTHAU to produce of copies of the documents detailed in the subpoena so-ordered by this Court on June 19, 2009, together with such other and further relief as this Court deems proper.

Respectfully submitted,

Eric W. Siegle (ES4277)
**SIEGLE & SIMS L.L.P.**
Attorneys for Plaintiff
TERRY LYLES
217 Broadway - Suite 611
New York, New York 10007
(212) 406-0110

sworn to before me
this _19th_ day of August 2009

NOTARY PUBLIC

JONATHAN D. SIMS
Notary Public, State of New York
No. 02SI6015346
Qualified in New York County
Commission Expires 10/26/2010

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

**Xiaomi Zhou** being duly sworn says:

I am not a party to the action, am over eighteen (18) years of age and reside within the County of Kings.

On August 19, 2009, I served a true copy of the annexed Reply Affidavit in Support of Motion, and supporting documents, mailing same to the office of ROBERT MORGENTHAU, District Attorney, New York County, 100 Centre Street, New York, New York 10013, Attn.: Cynthia Sitnick, A.D.A.

XIAOMI ZHOU

Sworn to before me on this
19th day of August 2009

NOTARY PUBLIC

JONATHAN D. SIMS
Notary Public, State of New York
No. 02SI6015346
Qualified in New York County
Commission Expires. 10/26/2000

Index No. _____   Year 20 ____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRY LYLES,

                                    Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER
ANGEL BURGOS, JOHN DOE #1, JOHN DOE #2
JOHN DOE #3 AND JOHN DOE #4,

                                    Defendants.

---

**REPLY AFFIDAVIT IN SUPPORT OF PLAINTIFFS
MOTION PURSUANT TO FRCP RULE 45(c)(2)(B)(i)**

---

Attorneys for

**SIEGLE & SIMS L.L.P.
PLAINTIFF
TERRY LYLES**

217 BROADWAY - SUITE 611
NEW YORK, NEW YORK 10007
(212) 406-0110

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: _____   Signature _____

                                Print Signer's Name _____

---

Service of a copy of the within _____                                                     is hereby admitted.

Dated: _____

                                                Attorney(s) for _____

---

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a _____
entered in the office of the clerk of the within named Court on _____ 20 ____

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the
Hon. _____ one of the judges of the within named Court,
at _____
on _____ 20 ____, at _____ M.

Dated: _____

                                                            PLAINTIFF
                                                            TERRY LYLES
                                                            SIEGLE & SIMS L.L.P.
                                    Attorneys for
                                                            217 BROADWAY - SUITE 611
                                                            NEW YORK, NEW YORK 10007

To: