UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

KELLY SCHOMBURG,

                Plaintiff,

  - against -

New York City Police Department DEPUTY
INSPECTOR ANTHONY BOLOGNA, OFFICER ARETHA
BLISSETT-SMITH, CITY OF NEW YORK, and
OFFICER JOHN DOE 1 through OFFICER JOHN
DOE 10,

                Defendants.

------------------------------------------X

12 Civ. 7161 (RWS)

OPINION

A P P E A R A N C E S:

    Attorneys for the Plaintiff

    EMERY CELLI BRINCKERHOFF & ABADY, LLP
    75 Rockefeller Plaza, 20th Floor
    New York, NY 10019
    By:  Earl Ward, Esq.
         Debra L. Greenberger, Esq.

    Attorneys for New York County District Attorney's Office

    CYRUS R. VANCE, JR.
    District Attorney - New York County
    One Hogan Place
    New York, NY 10013
    By:  Susan C. Roque, Esq.

**Sweet, D.J.**

Plaintiff Kelly Schomburg ("Plaintiff" or "Schomburg") has moved pursuant to Rule 45 of the Federal Rules of Civil Procedure to compel non-party New York County District Attorney's Office ("DANY") to produce the closed investigation file concerning Defendant Deputy Inspector Anthony Bologna's ("Bologna") conduct on September 24, 2011.[1] For the reasons set forth below, Plaintiff's motion is granted in part.

**Prior Proceedings and Facts**

This action was commenced on September 24, 2012 by the filing of a 42 U.S.C. § 1983, false arrest and imprisonment, assault, battery and negligent denial of medical care claims against the Police Officer Defendants. On October 11, 2012, Defendants filed an Amended Complaint ("AC") adding a claim of negligent hiring, training, discipline and retention of employment services against all Defendants and claims of false arrest and imprisonment, assault, battery and negligent denial of medical care against City Defendant.

---

[1] Defendants in this matter include Bologna, Officer Aretha Blissett-Smith ("Blissett-Smith"), Officer John Doe 1 through Officer John Doe 10 (collectively, with Bologna and Blissett-Smith, the "Police Officer Defendants") and City of New York ("City Defendant", collectively with the Police Officer Defendants, the "Defendants").

1

The AC alleges that on September 24, 2011, Plaintiff Schomburg and other women who were part of the Occupy Wall Street protest were standing behind an orange mesh netting when Defendant Bologna used pepper spray on them. Subsequent to the application of pepper spray, Police Officer Defendants proceeded to arrest Plaintiff. The AC alleges that the Police Officer Defendants provided no explanation for Schomburg's arrest.

The DANY conducted an investigation into Defendant Bologna's conduct and, in the spring of 2013, publicly stated that it had decided not to charge Bologna. Subsequently, Plaintiff and City Defendant sought to subpoena the file related to the investigation (the "Investigation File" or "File"). See Declaration of Debra L. Greenberger ("Greenberger Decl."), Exs. A, C. Plaintiff's subpoena sought "All District Attorney investigation records and files concerning Deputy Inspector Anthony Bologna . . . relating to events of 9/24/2011." Id., Ex. A. DANY objected to Plaintiff's subpoena and did not produce to Plaintiff the Investigation File. DANY has not provided a description of what is contained in the Investigation File as it is currently under seal.

Plaintiff filed the instant motion to compel on November 19, 2013. Oral arguments were held, and the motion was

2

marked fully submitted on December 11, 2013.

**Plaintiff's Motion To Compel Is Granted In Part**

Federal Rule of Civil Procedure 45(d)(3)(A)(iii) provides that, on a timely motion, a court may quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]"

DANY objected to Plaintiff's subpoena on four main grounds: (1) the files are sealed pursuant to New York Criminal Procedure Law Sections 160.50 and 1.20 ("Section 160.50"); (2) Plaintiff's subpoena is overbroad; (3) the documents sought are protected by the work product privilege; and (4) the documents sought are protected under the deliberative process privilege.

*Section 160.50 Does Not Bar Production*

DANY first objects to disclosure of the Investigation File on the ground that it is sealed pursuant to New York Criminal Procedure Law Sections 160.50 ("Section 160.50") and 1.20 ("Section 1.20"). DANY is statutorily prohibited from disclosing such sealed records, absent an unsealing order or consents from the targets of the investigation (*i.e.*, Defendant

3

Bologna).

Section 160.50 provides, in relevant part:

> Upon the termination of a criminal action or proceeding against a person in favor of such a person . . . all official records and papers . . . relating to the arrest or prosecution [shall be sealed, and shall not be] made available to any person or public or private agency . . . but only to the person accused or to such person's designated agent.

N.Y. Crim. Pro. L. § 160.50.

DANY's contention that only a "New York County Supreme Court Justice" can issue an "unsealing order" permitting Plaintiff the documents she seeks is incorrect. Section 160.50 has been rejected as a basis to block discovery in an action where plaintiffs are asserting federal claims. *Lyles v. City of New York*, No. 09 Civ. 895, 2009 WL 4276969, at *1 (S.D.N.Y. Nov. 30, 2009) (citing *Haus v. City of New York*, No. 03-CV-4915, 2006 WL 3375395 at *2 (S.D.N.Y. Nov. 17, 2006). "[I]n cases presenting federal questions, such as here, discoverability, privileges, and confidentiality are governed by federal law, not state law." *Crosby v. City of New York*, 269 F.R.D. 267, 274 (S.D.N.Y. 2010). Federal courts can and commonly do order production of documents sealed under Section 160.50. *Id.* at 275

4

("Federal courts commonly order production of documents sealed pursuant to Sections 160.50 . . . ." (citing *Haus*, 2006 WL 1148680, at *3)).[2] When a plaintiff asserts federal claims "the state sealing statute [Section 160.50] does not govern . . . ." *Haus*, 2006 WL 3375395, at *2; *see also* Fed. R. Evid. 501; *Fountain v. City of New York*, No. 03 Civ. 4526(RWS), 2004 WL 941242, at *5-6 (S.D.N.Y. May 3, 2004) ("A number of cases have held that a federal district court has the authority to issue an order compelling production of files in the custody of the district attorney and sealed pursuant to C.P.L. § 160.50." (internal quotation marks omitted)); *Morrissey v. City of New York*, 171 F.R.D. 85, 92 (S.D.N.Y. 1997) ("[Q]uestions of discovery in federal civil rights legislation are properly governed by *federal* law.").

*The Documents Are Relevant And Specified*

Plaintiff seeks DANY's files from a single investigation concerning one person's actions during an incident that lasted just seconds. Moreover, the incident investigated in the Investigation File, Defendant Bologna's deployment of

---

[2] To unseal "criminal records pursuant to § 160.50 in the context of discovery in a federal civil suit . . . a plaintiff can either apply to the state court to unseal the records, or can subpoena the district attorney, or seek discovery if the district attorney is a party to the proceeding." *Fountain v. City of New York*, No. 03 Civ. 4526, 2004 WL 941242, at *6 (S.D.N.Y. May 3, 2004) (collecting cases).

pepper spray, is the precise conduct at issue in Plaintiff's excessive force claims. While the File is largely in an electronic format that is exceeding 6GB in size, the subpoena itself is limited and is "appropriately limited in scope and date and is relevant to the issues raised by [Plaintiff]." *Lyles*, 2009 WL 4276969, at *1.

The Investigative File will likely contain New York City Police Department ("NYPD") files, and the NYPD is a party to the action. The NYPD files may include Internal Affairs Bureau ("IAB") investigative officers' reports, detective and police investigator notes, complaint report, complaint follow-up reports completed by other officers, property clerk invoices, NYPD unusual occurrence report, TARU videos, CCRB records and NYPD internal memoranda. DANY contends that Plaintiff is not entitled to obtain NYPD documents from DANY. However, it is likely that the Investigation File is not composed of entirely NYPD documents. Moreover, Plaintiff has also served discovery requests on and obtained documents directly from the NYPD. That the Investigative File will contain some overlap with NYPD documents does not, by itself, justify denial of Plaintiff's motion.

*Work Product Privilege Does Not Apply To The Investigation File's Factual Work Product*

DANY seeks to withhold the documents at issue on the ground that they are subject to the work product doctrine. The work product doctrine under Fed. R. Civ. P. 26(b) creates a qualified immunity from discovery for: (1) documents or tangible things, (2) prepared in anticipation of litigation or for trial, (3) by or for a party or by or for the party's representative. *See* 8 C. Wright & A. Miller, Federal Practice and Procedure § 2024, at 196-97 (1970); *Polycast Tech. Corp. v. Uniroyal, Inc.*, No. 87 CIV. 3297 (CSH), 1990 WL 138968, at *1 (S.D.N.Y. Sept. 20, 1990). Here, DANY does not meet the third requirement, since it is not a party to the litigation. *See Crosby*, 269 F.R.D. at 276-77 ("'[C]ourts have consistently held that the privilege [set forth in Rule 26(b) ] is unavailable when a prosecutor in a prior criminal investigation later objects to discovery of her work product by a litigant in a related civil lawsuit.'" (quoting *Abdell v. City of New York*, No. 05 Civ. 8453, 2006 WL 2664313, at *3 (S.D.N.Y. Sept. 14, 2006))).

While Rule 26(b) does not apply, the work-product doctrine articulated in *Hickman*, 329 U.S. 495, 508, 67 S. Ct.

7

385, 91 L. Ed. 451 (1947), and its progeny may. "[C]ourts have extended work-product protection to non-parties when [doing so] vindicated the purposes underlying the [Hickman] doctrine." *Crosby*, 269 F.R.D. at 277 (quoting *Jean v. City of New York*, No. 09 Civ. 801, 2010 WL 148420, at *2 (E.D.N.Y. Jan.12, 2010)). There are three such purposes: "protecting an attorney's ability to formulate legal theories and prepare cases, preventing opponents from 'free-loading' off their adversaries' work, and preventing interference with ongoing litigation." *Id.* (citations omitted).

When deciding whether to order disclosure of work product, a distinction between factual work product and "core" work product, or the "mental impressions, conclusions, opinions, or legal theories of an attorney, is often made. *Abdell*, 2006 WL 2664313, at *6. Factual work product is subject to disclosure once plaintiff has demonstrated substantial need and undue hardship, but "core work product is entitled to more stringent protection," protection that is "'absolute' or 'near absolute.'" *Crosby*, 269 F.R.D. at 277-78 (citations omitted). "To obtain the core work product contained in the memorandum, plaintiffs must . . . establish a highly persuasive showing of need." *Id.*, at 279-80.

8

With regards to the factual work product in the Investigation File, work product protection has no application here. Many of the documents sought were prepared by prosecutors "with the expectation that defense attorneys may obtain them as *Rosario* material." *Abdell*, 2006 WL 2664313, at *5 (citing *People v. Rosario*, 213 N.Y.S.2d 448, 450-51 (1961)). In *Abdell*, the court ordered DANY to disclose factual content contained in "DA Data Sheets" but permitted redaction of portions that were considered core work product. *Id.* Here, as in *Crosby*, DANY does not raise any specific arguments as to why protection should extend to the factual work product in the Investigation File; DANY instead argues for the extension of protection to core work product. Protection of an attorney's ability to formulate legal theories and prepare cases is thus not an issue in this instance.

Plaintiff's request for the Investigative Files is also not an instance of "free-loading". "[P]laintiff's attorney is seeking information directly pertinent to the issues in [the] civil case, is not seeking the information because [s]he is too 'lazy' to develop the information himself, and is seeking information solely within the possession of the prosecuting agency." *Id.* (citation and quotation marks omitted).

9

With regards to the last factor, concern about interfering with a criminal case is moot because DANY has expressly decided not to pursue charges. *Abdell*, 2006 WL 2664313, at *6 (no "danger" of interfering with "ongoing litigation" where "the criminal cases have long since been terminated"). Neither Plaintiff nor Defendants dispute that Defendant Bologna was the one who deployed pepper spray on Plaintiff, and there is no risk that prosecutors may one day pursue a case against other suspects that are noted in the Investigation File.

None of the three factors for extending factual work product protection to the Investigation File. As the court explained in *Abdell*, "courts have regularly held that in cases of alleged police misconduct, plaintiffs have a substantial need to discover statements that the officers made to prosecutors." *Id.* at *7 (citing *Boyd v. City and County of San Francisco*, No. C-04-5459, 2006 WL 1141251, at *4 (N.D. Cal. May 1, 2006)). While no description has been provided to the Court regarding the contents of the Investigation File, the factual information contained in the File will likely carry significance for Plaintiff's claims. As such, Plaintiff has met her burden as to the Investigation File's factual work product.

10

Although work product protection will not extend to the Investigation File's factual work product, Plaintiff's briefs are not clear as to whether she has requested for core work product. In any event, Plaintiff has not demonstrated "a highly persuasive showing of need" needed for core work product. *Crosby*, 269 F.R.D. at 279-80. Plaintiff is not entitled to any core work product in the Investigation File.

Plaintiff contends that DANY has waived any claim of privilege by failing to produce a "privilege log as required under Fed. R. Civ. P. 45(d)(2)," *see In re Application For Subpoena To Kroll*, 224 F.R.D. 326, 329 (E.D.N.Y. 2004), and that an "unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege," *OneBeacon Ins. Co. v. Forman Int'l Ltd.*, 04 CIV. 2271(RWS), 2006 WL 3771010, at *7-8 (S.D.N.Y. Dec. 15, 2006). According to DANY, the investigation is sealed and neither the prosecutor nor counsel to DANY has reviewed its contents. (Def. Opp. at 2, n.1). Neither *Kroll* nor *OneBeacon* is applicable in this instance. In *Kroll*, the subpoenaed non-party refused to prepare a privilege log and argued that the information on the log would reveal the date of the formation of the attorney-client privilege. 224 F.R.D. at 328. In reaching its decision, the

11

Eastern District of New York court held that attorney-client privilege did not extend to the information the non-party sought to protect; the non-party's refusal to prepare and reveal a privilege log only prevented the court's "ability to determine whether the documents requested in the subpoena are protected by a privilege." *Id.* at 329. The non-party in *Kroll* was not prevented from producing a privilege log by state law, as DANY is currently prevented from here. *OneBeacon* is similarly inapplicable, as the movant in *OneBeacon* sought production of documents withheld as privileged by the plaintiff in the case, not a non-party. *Id.*, 2006 WL 3771010, at *1. DANY's failure to procure a privilege log does not waive any claim of privilege it may have for core work product in the Investigation File.


*The Deliberative Process Privilege May Apply To The Investigation File, But Application Of The Privilege Cannot Be Determined At This Time*


The deliberative process privilege "protects from disclosure documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litig.*, 643 F. Supp. 2d 439, 441 (S.D.N.Y. 2009) (internal quotation marks omitted). It exists "to enhance the quality of

agency decisions, by protecting open and frank discussion among those who make them within the Government." *Id.* at 441-42. Deliberative process applies when a document is "(1) predecisional, *i.e.*, prepared in order to assist an agency decisionmaker in arriving at his decision, and (2) deliberative, *i.e.*, actually . . . related to the process by which policies are formulated." *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (internal quotation marks omitted). The privilege does not apply to any documents that are "purely factual". *MacNamara v. City of New York*, 249 F.R.D. 70, 89 (S.D.N.Y. 2008).

To invoke the deliberative-process privilege "[t]he claim . . . must be lodged by the head of the agency . . . . The assertion of the privilege by an attorney is therefore improper." *In re MTBE*, 643 F. Supp. 2d at 443 (internal quotation marks omitted). DANY has not submitted any affidavit from the head of the agency in support of the claim of deliberative privilege. DANY invoked the privilege generally, since the Investigation File is sealed and unavailable for review. Given the status of the File and that the contents of the File are not known, DANY will have the opportunity to review the Investigation File to see if it wishes to raise the deliberative-process privilege.

13

**Conclusion**

Based on the reasoning set forth above, Plaintiff's motion to compel is granted in part and denied in part.

DANY is hereby ordered to unseal the Investigation File and review the contents of the File before production to Plaintiff. DANY shall produce to Plaintiff within a reasonable time all documents contained within the File that are not privileged. DANY shall provide a log detailing documents withheld on the basis of privilege as required under Fed. R. Civ. P. 45(d)(2). Factual work product contained in the Investigation File shall be produced to Plaintiff within a reasonable time.

Any NYPD documents shall first be disclosed to counsel for City Defendant before production to Plaintiff; any objections by City Defendant to production of such documents shall be submitted to the Court within 14 calendar days of disclosure.

DANY, Plaintiff and City Defendant are hereby ordered to meet and confer to agree on a reasonable time for production

of the documents and log to Plaintiff.

All objections to DANY's claims of privilege over certain documents may be submitted to the Court.

It is so ordered.

New York, NY
March 13, 2014

_____
ROBERT W. SWEET