UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

KELLY SCHOMBURG,

                    Plaintiff,

        - against -

                                          12 Civ. 7161 (RWS)

                                             OPINION

NYPD DPT. INSPECTOR ANTHONY BOLOGNA,
 et al.,

                    Defendants.

------------------------------------X

A P P E A R A N C E S :

        Attorneys for the Plaintiff

        EMERY CELLI BRINCKERHOFF & ABADY, LLP
        600 Fifth Avenue 10th Floor
        New York, NY 10020
        By:  Debra Lea Greenberger, Esq.


        Attorneys for the City Defendants and Officer
        Aretha Blissett-Smith

        MICHAEL A. CARDOZO
        CORPORATION COUNSEL OF THE CITY OF NEW YORK
        100 Church Street
        New York, NY  10007
        By:  Dara L. Weiss, Esq.

**Sweet, D.J.**

Plaintiff Kelly Schomburg ("Plaintiff" or "Schomburg") has moved pursuant to Federal Rule of Civil Procedure 37(a) to compel the City of New York (the "City" or "City Defendants") and Defendant Officer Aretha Blissett-Smith ("Blissett-Smith") (collectively, the "Defendants")[1] to identify the officer who handcuffed the Plaintiff on September 24, 2011. For the reasons set forth below, Plaintiff's motion is granted.

## Prior Proceedings and Facts

This action was commenced on September 24, 2012 by the filing of a 42 U.S.C. § 1983, false arrest and imprisonment, assault, battery and negligent denial of medical care claims. On October 11, 2012, Defendants filed an Amended Complaint ("AC") adding a claim of negligent hiring, training, discipline and retention of employment services against all defendants and claims of false arrest and imprisonment, assault, battery and negligent denial of medical care against the City Defendant.

The AC alleges that on September 24, 2011, Plaintiff and

---

[1] Deputy Inspector Anthony Bologna ("Bologna") and Officers John Doe 1 through 10 were also named as defendants (collectively with Blissett-Smith, the "Police Officer Defendants").

other women who were part of the Occupy Wall Street protest were standing behind an orange mesh netting when Bologna used pepper spray on them. Subsequent to the application of pepper spray, the Plaintiff was handcuffed and arrested. The AC alleges that the Police Officer Defendants provided no explanation for Schomburg's arrest.

Plaintiff submitted a letter on August 22, 2014 seeking an order to compel the Defendants to identify the officer who handcuffed the Plaintiff on September 24, 2011. Plaintiff subsequently filed the instant action on August 29, 2014. The Court has treated the August 22, 2014 letter and the instant motion as the same motion, and the matter was marked fully submitted on September 10, 2014.

**Applicable Standard**

Rule 37(a) permits a party "[o]n notice to other parties and all affected persons, ... [to] move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Motions to compel made pursuant to Fed. R. Civ. P. 37 are "entrusted to the sound discretion of the district court." *United States v.*

*Sanders*, 211 F.3d 711, 720 (2d Cir.2000).

> Rule 26(b)(1) governs the scope of discovery allowed:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.' " *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir.1992) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).

**Plaintiff's Motion to Compel Is Granted**

The Defendants contend that disclosure of the handcuffing officer should not be compelled as the request is not relevant and unduly burdensome. "A party resisting discovery has the burden of showing "specifically how, despite the broad and

liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, ... by submitting affidavits or offering evidence revealing the nature of the burden." *Pegoraro v. Marrero*, 281 F.R.D. 122, 128-29 (S.D.N.Y. 2012) (quoting *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984)). The Defendants have not done so in the instant matter.

The information Plaintiff seeks is relevant to the AC and her claims as she seeks to amend the AC to include the officer who handcuffed her. While Officer Blissett-Smith is the arresting officer on Plaintiff's arrest report, multiple officers can be liable for an arrest and imprisonment deemed unlawful. *See, e.g.*, *Alla v. Verkay*, 979 F. Supp. 2d 349, 368 (E.D.N.Y. 2013) (officer who may have handcuffed plaintiff and was present during the arrests can be found liable for false arrest); *Morgan v. Cnty. Of Nassau*, 720 F. Supp. 2d 229, 237 (E.D.N.Y. 2010) (officer who "effected the plaintiff's arrest" and second officer whose "acts were at least part of the efforts of the [police] to arrest the plaintiff" were potentially liable); *Mendoza v. City of Rome, N.Y.*, 872 F. Supp. 1110, 1120 (N.D.N.Y. 1994 ("The fact that an officer made an arrest at the order of a superior does not relieve him of liability for the arrest."); *Wong v. Yoo*, 649 F. Supp. 2d 34, 61

(E.D.N.Y. 2009) (Defendant could be held liable as having "directly participated in plaintiff's arrest because he "was involved in the decision to arrest plaintiff" though he was not the arresting officer or because he "knew that [another officer] was making an arrest without probable cause, that he had a reasonable opportunity to intervene, and that he failed to do so").

Moreover, the identification Plaintiff seeks is not "overly burdensome." While the New York Police Department (the "NYPD") has over 30,000 officers in its employ, only 148 police officers were at the scene at the Occupy Wall Street demonstrations on September 24, 2011. Notwithstanding the City's attempts to identify the officer with the assistance of Officer Blissett-Smith and photograph recognition technology, the City has not requested for assistance from the supervising officers for each precinct that sent officers to the scene of the arrests. *See* Weiss Decl. ¶¶ 4-6 (describing the methods employed by the City to identify the officer). Consequently, the City has not shown that providing this identification information is unduly burdensome.

The City has failed to meet their burden in showing how the discovery order sought by Plaintiff is irrelevant or overly burdensome. Thus, Plaintiff's motion is granted.

**Conclusion**

Based on the conclusions given above, the Plaintiff's motion to compel is granted. The Defendants have thirty (30) days to produce the identity of the police officer who handcuffed the Plaintiff. The Plaintiff is granted leave to amend the AC within seven (7) days after the Defendants' production for the sole purpose of listing the officer identified by the Defendants for the instant motion.

Dated:     New York, New York
           September 11, 2014

Robert W. Sweet, U.S.D.J.